Daniel Feinberg - State Bar No. 135983
Andrew Lah – State Bar No. 234580
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
E-mail: dfeinberg@lewisfeinberg.com
         alah@lewisfeinberg.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PATRICK CARNEY,<br><br>        Plaintiff,<br><br>    v.<br><br>HELLER MANUS, INC. INCENTIVE COMPENSATION PLAN, HELLER MANUS, INC.,<br><br>        Defendants. | Case No. 3:14-cv-2944<br><br>**COMPLAINT** |

**JURISDICTION**

1.      Plaintiff Patrick Carney ("Plaintiff") brings this action for benefits, declaratory and injunctive relief pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). This court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 29 U.S.C. § 1331.

**VENUE**

2.      Venue lies in the Northern District of California pursuant to ERISA §502(e)(2),

29 U.S.C. § 1132(e)(2), because Defendant Heller Manus, Inc. Incentive Compensation Plan ("the Plan") is administered in this District by Defendant Heller Manus, Inc. ("Heller Manus"). Venue is also proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the San Francisco/Oakland Division because the Plan is administered in San Francisco by Defendant Heller Manus, and because some of the events or omissions giving rise to Mr. Carney's claims occurred in San Francisco.

## PARTIES

4. Plaintiff is a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan. Plaintiff worked as an architect for Heller Manus for nearly 24 years and rose to the level of Director. Plaintiff left work due to disability in March 2012. Plaintiff resides in San Francisco, California.

5. Defendant Plan is a nonqualified "top hat" plan under ERISA, i.e., a plan "maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees" within the meaning of ERISA § 201(2), 29 U.S.C. § 1051(2). The Plan is sponsored by Defendant Heller Manus.

6. Defendant Heller Manus serves as administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and is responsible for the overall administration of the Plan. Defendant Heller Manus is an architectural firm. Heller Manus is a California corporation with its headquarters in San Francisco, CA.

## FACTS

7. Defendant Heller Manus established the Plan in 2007. Plaintiff was one of a select group of management employees who participated in the Plan.

8. Plaintiff terminated employment with Defendant Heller Manus in or about March 2012 due to disability.

9. The Plan provides deferred compensation following termination of employment, including termination due to disability. Benefits payable under the Plan are based on the adjusted

book value of Heller Manus and the participant's pro rata portion of outstanding participation units and shares of the Company's capital stock. Benefits under the Plan are generally paid in installments over the course of 5 years following the termination of employment.

10. Defendants did not pay Plaintiff the first installment of his benefits under the Plan until August 2013. Plaintiff received a letter dated August 7, 2013 from Defendants' counsel. The August 7 letter stated that "[t]he full benefit to which you are entitled under the terms of the Plan is $36,977.94." Upon information and belief, this amount represents only a portion of Plaintiff's accrued benefits under the Plan.

11. Upon information and belief, Plaintiff's participation units represented almost 3% of the total number of outstanding shares of capital stock of the Company plus the Participation Units that have been authorized by the Board. Therefore, the value of Plaintiff's Participation Units stated in the August 7 letter from Defendants' counsel implied an adjusted book value of approximately $1.3 million. Based on Plaintiff's knowledge of the Company's accounts receivable, other receivables (such as loans to employees), investments (including investments in real estate projects), tangible assets, and other balance sheet items, upon information and belief the adjusted book value of Heller Manus was much higher.

12. The Plan document does not provide for an administrative claim or claim review procedure.

13. By letter dated October 4, 2013, Plaintiff submitted a claim for additional benefits and a request for an accounting, documents, and information about his benefits to counsel for Heller Manus.

14. Defendants failed to provide a written response to the October 4 claim letter.

15. By letter dated November 19, 2013, Plaintiff wrote to counsel for Heller Manus informing Heller Manus that he had not received any written response to the October 4 claim letter and request for documents and information, and requested a response to the October 4 claim letter.

16. Defendants failed to provide a written response to the November 19 letter.

17. Plaintiff has exhausted his administrative remedies and any further administrative

proceedings would be futile.

18.  Plaintiff must determine the amount of his Plan benefits in order to plan his living expenses since he remains disabled.

## **FIRST CLAIM FOR RELIEF**

**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) against All Defendants]**

19.  Plaintiff incorporates Paragraphs 1 through 18 as though fully set forth herein.

20.  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

21.  Plaintiff is entitled to additional benefits under the Defendant Plan.

22.  Defendants have never provided Plaintiff with an accounting of the Company's adjusted book value or the calculation of his benefits under the Plan. He does not know the amount of additional benefits he is owed.

23.  Plaintiff also seeks clarification as to his future right to benefits under the Plan and the amount of additional benefits due to him.

24.  Defendants, and each of them, have violated, and continue to violate, the terms of the Plan and Plaintiff's rights thereunder.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court grant the following relief:

**As to the First Claim for Relief:**

A. Declare that Plaintiff is entitled to additional benefits under the Plan in an amount to be proven at trial;

B. Declare that Defendants' distributions to Plaintiff under the Plan account for only a portion of Plaintiff's accrued benefits;

C. Order Defendants to pay additional benefits to Plaintiff under the terms of the Plan;

D. Declare that Defendants, and each of them, have violated the terms of the Plan;

E. Order Defendants to provide Plaintiff with an accounting of his benefits under the terms of the Plan;

1      F.  Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant

2          to ERISA § 502(g), 29 U.S.C. §1132(g); and

3      G.  Provide such other relief as the Court deems equitable and just.

Dated: June 25, 2014

Respectfully Submitted,

LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.

By:   /s/ Daniel Feinberg
      Daniel Feinberg

Daniel Feinberg
Andrew Lah
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
476 9th Street
Oakland, CA 94607
Telephone: (510) 839-6824
Facsimile: (510) 839-7839

Attorneys for Plaintiff